THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROBERT FRYE and COURTNEY FRYE, husband and wife; COURTNEY FRYE as parent and guardian for K.F., minor; COURTNEY FRYE as parent and guardian for B.F., minor,<br><br>  Plaintiffs,<br><br>  v.<br><br>THE BIRO MANUFACTURING COMPANY, and Ohio Corporation<br><br>  Defendant. | CASE NO. C10-0192-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 46), Plaintiffs' response and cross motion for partial summary judgment and motion to strike (Dkt. No. 48), Defendant's reply (Dkt. No. 60), Defendant's response to Plaintiffs' cross motion (Dkt. No. 62), and Plaintiffs' reply (Dkt. No. 69). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby denies the motions for the reasons explained herein.

I.   BACKGROUND

Plaintiffs allege that while operating a meat grinder manufactured by Defendant, Robert Frye's arm came in contact with the grinder and was severed up to the elbow. (First Am. Compl.

1  ¶¶ 4.2–4.7 (Dkt. No. 11-2 at 3–4).) Plaintiffs allege that the grinder's safety guard was not
2  permanently attached and had not been used for many years. (*Id.* at ¶ 4.5.) Plaintiffs' first
3  amended complaint alleges unsafe design, failure to adequately warn, concealment of
4  information about the product, and failure to warn post-manufacture. (*Id.* at ¶ 5.9.)
5  **II.     DISCUSSION**
6      **A.     Plaintiffs' Motion to Strike Defendant's Affirmative Defenses**
7      In its response and cross motion, Plaintiffs seek to strike Defendant's affirmative
8  defenses of alteration of the product, assumption of risk, and comparative fault. (*See* Dkt. No. 48
9  at 10, 15–17.) Under Federal Rule of Civil Procedure 12(f), a party may move to strike an
10 affirmative defense "either before responding to the pleading or, if a response is not allowed,
11 within 21 days after being served with the pleadings." Defendant raised the three affirmative
12 defenses in its answer to Plaintiffs' complaint on February 4, 2010. (*See* Dkt. No. 4.) Since
13 Plaintiff was not allowed a response to the answer, Plaintiffs had twenty-one days after being
14 served with Defendant's answer to move to strike the affirmative defenses. *See* Fed. R. Civ. P.
15 12(g). However, Plaintiffs waited more than a year to make such a motion. (*See* Dkt. No. 48.)
16 Thus, the Court denies Plaintiffs' motion to strike Defendant's affirmative defenses.
17     **B.     Summary Judgment**
18     Summary judgment is appropriate when "there is no genuine dispute as to any material
19 fact and the movant is entitled to judgment as a matter of the law." Fed. R. Civ. P. 56(a). A
20 defendant is entitled to move for summary judgment by alleging that the nonmoving party has
21 failed to make a sufficient showing on an essential element of his or her case. *Celotex Corp. v.*
22 *Catrett*, 477 U.S. 317, 323 (1985). To overcome such a motion, the plaintiff bears the burden of
23 producing evidence with respect to the identified element. "One of the principal purposes of the
24

1  summary-judgment rule is to isolate and dispose of factually unsupported claims or defenses."

2  *Id.* at 323.

### 1. Useful Safe Life

Both parties move for summary judgment on whether the grinder in issue was beyond its useful safe life at the time of the accident, barring Plaintiffs' claims.[1] (Dkt. No. 46 at 7–9; Dkt. No. 48 at 7–8.) Washington's statute of repose provides, with limited exceptions that do not apply here, that "a product seller shall not be subject to liability to a claimant for harm under [the Washington Product Liability Act] if the product seller proves by a preponderance of the evidence that the harm was caused after the product's 'useful safe life' had expired." Wash. Rev. Code § 7.72.060(1)(a). The statute presumes that the useful safe life expires "twelve years after the time of delivery." Wash. Rev. Code § 7.72.060(2). "This presumption may only be rebutted by a preponderance of the evidence." *Id.*

Frye's injuries occurred forty-one years after the delivery of Defendant's 1965 grinder. (Dkt. No. 46 at 8.) Accordingly, there is a presumption that the grinder's useful safe life had expired at the time of Frye's injury. *See* Wash. Rev. Code § 7.72.060(2). Thus, Plaintiffs bear the burden of rebutting, by a preponderance of the evidence, the presumption that the grinder had not exceeded its useful safe life at the time of the accident. *See* Wash. Rev. Code § 7.72.060(2); *see also Pardo v. Olson & Sons, Inc.*, 40 F.3d 1063, 1068 (9th Cir. 1994).

The Washington Court of Appeals reversed a summary judgment decision on whether a plaintiff had met its burden of persuasion that a product had not exceeded its useful safe life

---

[1] Plaintiffs' cross-motion for summary judgment was filed nearly two weeks after the February 16, 2011 dispositive motion cutoff date. (*See* Dkt. No. 48.) The Court denies Plaintiffs' cross-motion as untimely. However, since the Court reaches the same conclusion regardless, the Court takes into account the arguments made in Plaintiffs' untimely motion for summary judgment.

1  when that plaintiff provided an expert's affidavit that claimed that the product had not exceeded
2  its useful safe life. *See Morse v. City of Toppenish*, 729 P.2d 638, 641–642 (Wash. Ct. App.
3  1986). The *Morse* court held that the expert's affidavit created a question of fact and, thus,
4  thatsummary judgment was inappropriate. *Id.* Similarly, Plaintiffs submit an expert affidavit that
5  indicates that, in the expert's opinion, the useful safe life of the grinder had not been exceeded at
6  the time of the accident. (*See* Dkt. No. 51.) Plaintiffs also offer evidence that the grinder was
7  only used for approximately an hour per day for forty years, that it was cleaned well after each
8  use, and that significant maintenance was never necessary. (*Id.* at 2–3.) Accordingly, there is a
9  question of fact, so the Court declines to exercise summary judgment. The Court denies both
10 Defendant's and Plaintiffs' motions for summary judgment.

### 2. Failure to Warn Claim

12 Both Defendant and Plaintiffs move for summary judgment on Plaintiffs' failure to warn
13 claim. (*See* Dkt. No. 46 at 9–10; Dkt. No. 48 at 8–9.) The Washington Products Liability Act
14 holds manufacturers liable for harm proximately caused because adequate warnings or
15 instructions were not provided "if, at the time of manufacture, the likelihood that the product
16 would cause the claimant's harm or similar harms, and the seriousness of those harms, rendered
17 the warnings or instructions of the manufacturer inadequate and the manufacturer could have
18 provided the warnings or instructions which the claimant alleges would have been adequate."
19 Wash. Rev. Code § 7.72.030(1)(b). Failure to warn is not a proximate cause of injury when a
20 person is aware of a risk and chooses to disregard it. *See Anderson v. Weslo, Inc.*, 906 P.2d 336,
21 341 (Wash. Ct. App. 1995). "A warning need not be given at all in instances where a danger is
22 obvious or known." *Baughn v. Honda Motor Co., Ltd.*, 727 P.2d 655, 662 (Wash. 1986). A Court

1  may resolve the issue of proximate cause as a matter of law when no reasonable persons would
2  differ. *Anderson*, 906 P.2d at 341.
3      Plaintiffs allege that Defendant did not provide warnings regarding the danger of
4  removing the guard from the subject grinder and using the grinder without the guard. (Dkt. No.
5  11-2 at 4–6.) Plaintiffs allege that Frye's injuries resulted from this failure to warn. (*Id.*)
6  Defendant alleges that Robert Frye was aware of the dangers of not using a guard and of putting
7  his hand in the hopper, so the lack of a warning regarding the use or removal of the safety guard
8  was not the proximate cause of Plaintiffs' injuries. (Dkt. No. 46 at 10.) In support of its
9  allegations, Defendant sites Frye's interview with a Washington Safety Compliance Officer.
10 (Dkt. No. 46 at 50–51.) In that interview, Frye states that he was trained not to stick his hand in
11 the hopper of the grinder because the guard was not attached but that he did it occasionally
12 regardless. (*Id.*) Frye also lists the hazards of using the equipment on his job include losing a
13 limb or receiving severe cuts. (*Id.*)
14     While Frye may have known not to put his hand into the hopper, Plaintiffs make the
15 argument that Frye's hand was outside of the hopper at the time of the accident and sucked into it
16 with the piece of pork. (Dkt. No. 48 at 9.) Plaintiffs contend that Frye was not properly warned
17 of that risk. (*Id.*) Frye's deposition testimony supports that argument, for Frye indicates that he
18 was simply holding meat above the hopper when his arm was sucked into the hopper with the
19 meat. (*See* Dkt. No. 49 at 7, 12–13.) The Court concludes that there is a genuine issue of fact as
20 to whether Defendant's failure to warn was a proximate cause of Frye's injury. Accordingly, the
21 Court denies both Plaintiffs' and Defendant's motions for summary judgment.
22     //
23     //
24

### 3. Product Modification

Under Washington product liability law, "[a] user or consumer may be barred from recovery if the product undergoes substantial change in its condition after leaving the manufacturer." *Parkins v. Van Doren Sales, Inc.*, 724 P.2d 389, 395 (Wash. Ct. App. 1980); *see also Bich v. Gen. Elec. Co.*, 614 P.2d 1323, 1326 (Wash. Ct. App. 1980). Both Plaintiffs and Defendant move for summary judgment on the product modification question. (*See* Dkt. No. 46 at 11–12; Dkt. No. 48 at 10.)

Plaintiffs do not dispute that the safety guard of the grinder was removed after the grinder was shipped and prior to the accident. Plaintiffs also do not argue that Frye's injury would still have occurred had Frye used the guard. Plaintiffs do, however, argue that the safety guard on the grinder was attached only with threaded studs and wing nuts, not the irreversible screws that are provided for in the grinder's design specifications and that Defendant contends were used on the subject grinder. (*See* Dkt. No. 69 at 8.) If the safety guard was attached to the grinder with irreversible screws, the removal of the guard would be a substantial modification and Plaintiffs' recovery against Defendant would be barred. If the safety guard was merely attached to the grinder by threaded studs and wing nuts, then the removal of the guard might not be a substantial modification of the grinder. Since a genuine dispute of fact exists as to how the guard was attached to the grinder, the Court declines to exercise summary judgment. The Court denies both Plaintiffs' and Defendant's motions for summary judgment.

//

//

//

//

### III. CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for summary judgment (Dkt. No. 46) and DENIES Plaintiffs' cross-motion for summary judgment and motion to strike (Dkt. No. 48).

DATED this 11th day of April 2011.

John C. Coughenour  
UNITED STATES DISTRICT JUDGE